# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| STEPHAN ZOURAS LLP, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) Case No. 15-cv-7890 ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| ONE SOURCE FINANCING LLC d/b/a BIG APPLE FINANCE COMPANY, a Nevada limited liability company; and LUIGI CENERI, an individual, | ) ) ) ) ) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Stephan Zouras LLP ("Plaintiff") brings this Class Action Complaint against Defendants One Source Financing LLC d/b/a Big Apple Finance Company ("One Source") and Luigi Ceneri ("Ceneri") (collectively, "Defendants"), on behalf of itself and all others similarly situated, and complains and alleges upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

### I. NATURE OF THE ACTION

1. One Source is a company that offers alternative business funding to small and medium sized businesses.[1] Since the company's inception in 2010, One Source has loaned over $100 million. Ceneri is the president of One Source and is involved in the company's marketing decisions. In an effort to market One Source's products and services, Defendants sent (or had

---

[1] One Source Financing, About Us, http://www.onesourcefinancing.com/about-us (last visited Sept. 8, 2015), attached hereto as Exhibit A.

sent on One Source's behalf) unsolicited junk faxes in bulk—fax blasts—to unwilling recipients with deficient opt-out notices. Fax advertising shifts the cost of the marketing promotion from the marketer—the sender of the fax—to the unwilling recipient, and is expressly prohibited by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendants did not obtain prior express permission or invitation from Plaintiff and the Class members to send them faxes.

3. Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted Defendants to send them faxes.

4. In order to redress these injuries, Plaintiff seeks an injunction requiring Defendants to cease all unsolicited faxing and deficient opt-out notice activities, an award of statutory damages to the Class members under the TCPA, and an award of actual damages for common law conversion, together with costs and attorneys' fees.

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction over Counts I and II pursuant to 28 U.S.C. § 1331, because they arise under the laws of the United States.

6. The Court has supplemental jurisdiction over Count III pursuant to 28 U.S.C. § 1367 because Defendants' conduct forms part of the same case or controversy as to Counts I and II.

7. This Court has personal jurisdiction over Defendants under the Illinois long-arm statute, 735 ILCS 5/2-209, because a substantial portion of the wrongdoing alleged in this Complaint took place in or was directed toward the State of Illinois. Defendants, by sending junk faxes in bulk into this State soliciting business, have sufficient contacts in this State to render the exercise of jurisdiction by this court permissible.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

### III. PARTIES

*Plaintiff*

9. Plaintiff is a limited liability partnership organized under the laws of the State of Illinois with its principal place of business in Cook County, Illinois.

*Defendants*

10. Defendant One Source is a limited liability company organized under the laws of the State of Nevada with its principal place of business at 149 W. 36th Street, 12th Floor, New York, New York 10018.

11. One Source maintains a registered agent at: Registered Agent, Inc., 769 Basque Way, Suite 300, Carson City, Nevada 89706.

12. One Source maintains an office phone number of 212-444-1303.

13. Defendant Ceneri is an individual domiciled at 11 Port Imperial Boulevard, Apartment 11, West New York, New Jersey 07093.

14. Ceneri is the president of One Source and involved in the decisions of marketing One Source's products and services.

### IV. FACTUAL BACKGROUND

*Defendants' Faxes Promote Products And Services*

15. On or about June 22, 2015, Plaintiff received the unsolicited fax advertisement attached as Exhibit B.

16. The fax advertises lending services offered by "Big Apple Finance Company."

17. According to a search of the New York Secretary of State's records, however, there is no company registered under the name "Big Apple Finance Company."

18. The fax contains two phone numbers for recipients to call in order to speak to a "Funding Specialist:" 646-657-6661; 646-589-4795.

19. After calling the numbers, recipients are asked a series of questions about the business they own by a representative of "Big Apple Finance Company."

20. Then, the recipient is transferred to a "Funding Specialist."

21. If the recipient is interested in the services offered by "Big Apple Finance Company," the "Funding Specialist" provides an application, attached as Exhibit C.

22. The application identifies the "Funding Specialist" as employed by Defendant One Source and bears the following trademark:



23. One Source maintains a website, www.onesourcefinancing.com, that also bears the same trademark.

24. On One Source's website, it offers Merchant Cash Advances, Small Business Loans, and Invoice Factoring Cash Loans.[2]

25. Accordingly, Defendants market One Source's products and services under the name "Big Apple Finance Company."

26. Defendants economically benefit from persons using One Source's services.

---

[2] One Source, Our Loans, http://www.onesourcefinancing.com/our-loans (last visited Sept. 8, 2015), attached hereto as Exhibit D.)

27. Defendants' faxes promote the commercial availability and quality of property, goods, or services.

28. Defendants sent the faxes and/or are responsible, as a matter of law, for the actions of the individuals who sent the faxes.

*Defendants' Faxes Lack The Requisite Opt-Out Notice*

29. The Seventh Circuit has held that "[e]ven when the [TCPA] permits fax ads—as it does to persons who have consented to receive them, or to those who have established business relations with the sender—the fax must tell the recipient how to stop receiving future messages." *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 683 (7th Cir. 2013), *reh'g denied (Sept. 24, 2013), cert. denied sub nom. Turza v. Holtzman*, 134 S. Ct. 1318 (2014).

30. The Federal Communications Commission issued a regulation requiring senders of fax advertisements to include opt-out notices that comply with 47 U.S.C. § 227(b)(2)(D), even for fax advertisements sent with prior express invitation or permission of the recipient. *See* 47 C.F.R. § 64.1200(a)(4)(iv).

31. Defendants' opt-out notice reads: "If you feel you have received this in error or would like to unsubscribe to this fax please call 1-855-375-6227 and type in your fax number."

32. Defendants' faxes do not satisfy all of the opt-out notice requirements under § 227(b)(2)(D). For example, the opt-out notice does not state that failure to comply with an opt-out request within the shortest reasonable time is unlawful, as required by § 227(b)(2)(D)(ii).

33. Thus, even if Plaintiff and Class Two, as defined below, provided prior express invitation or permission for Defendants to transmit fax advertisements or had an established business relationship with One Source, Defendants' conduct violates the TCPA because the faxes failed to include proper opt-out notices.

*Defendants' Faxes Were Part Of Fax Blasts*

34. Defendants' faxes are uniform and not specifically addressed to a particular recipient.

35. Under the TCPA, an "established business relationship" is a defense that Defendants must prove.[3]

36. Defendants, however, did not have an established business relationship with Plaintiff or any other member of the Class prior to sending fax advertisements.

37. Defendants do not have a record showing an established business relationship with Plaintiff or other members of the Class.

38. Under the TCPA, prior express invitation or permission is a defense that Defendants must prove.[4]

39. Defendants, however, did not obtain prior express invitation or permission from Plaintiff or the Class to be sent fax advertisements.

40. Defendants do not have a record showing that they obtained prior express invitation or permission from Plaintiff or the Class.

41. On information and belief, the fax attached as Exhibit B was transmitted as part of mass broadcastings, or "blasts," of faxes.

42. There is no reasonable means by which Plaintiff and the Class members can avoid receiving unsolicited and unlawful faxes.

---

[3] *See CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 451 (7th Cir. 2010) (discussing the applicability of the "EBR defense").

[4] *See CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 725 (7th Cir. 2011) (considering whether the "defense [] of consent to be faxed ads" applies).

43. Accordingly, Defendants sent fax advertisements to Plaintiff and the Class as a part of fax blasts without prior express invitation or permission and without an established business relationship.

*Ceneri is Personally Liable*

44. Defendant Ceneri is personally involved in the marketing of One Source's products and services.

45. On information and belief, Ceneri personally approved, authorized, and participated in the transmission of the faxes. Ceneri also instructed and oversaw One Source employees, who were involved in the sending of the faxes.

46. Accordingly, Ceneri is personally liable under 47 U.S.C. § 227 for violations of the TCPA, which provides a private right of action against "any person."

## V. CLASS ALLEGATIONS

47. Plaintiff brings Counts I and III, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> **Unsolicited Fax Class ("Class One")**
> All individuals or entities in the United States who were sent one
> or more unsolicited facsimile advertisements from or on behalf of
> One Source Financing LLC d/b/a Big Apple Finance Company.

Excluded from Class One are Defendants and One Source's subsidiaries and affiliates; all persons who make a timely election to be excluded from Class One; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

48. Plaintiff brings Counts II and III, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**Opt-out Notice Class ("Class Two")**
All individuals or entities in the United States who were sent one or more facsimile advertisements from or on behalf of One Source Financing LLC d/b/a Big Apple Finance Company with opt-out notices that do not comply with 47 U.S.C. § 227(b)(2)(D).

Excluded from Class Two are Defendants and One Source's subsidiaries and affiliates; all persons who make a timely election to be excluded from Class Two; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

49. "Class members" or "the Class" refers to both Class One and Class Two, unless otherwise stated.

50. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of its claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

51. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers and recipients who have been damaged by Defendants' wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendants' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet posting, and/or published notice.

52. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and facts, which predominate over any questions affecting individual Class members, including, without limitation:

   a. whether Defendants engaged in a pattern of sending unsolicited fax advertisements as alleged herein;

  b. the manner in which Defendants compiled or obtained their list of fax numbers;

  c. whether Defendants' faxes constitute advertisements under the TCPA;

  d. whether Defendants' faxes lacked the requisite opt-out notices;

  e. whether Ceneri is personally liable for One Source's violation of the TCPA;

  f. whether Plaintiff and the Class are entitled to actual, statutory, or other form of damages, and other monetary relief and, in what amount(s);

  g. whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

  h. whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

53. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

54. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because its interests do not conflict with the interests of the other Class members it seeks to represent; it has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and its counsel.

55. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

56. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for the Class members to individually seek redress for Defendants' wrongful conduct. Even if the Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIMS ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On Behalf of Class One)

57. Plaintiff incorporates by reference paragraphs 1-56 as if fully set forth herein.

58. Defendants and/or their agents used a telephone facsimile machine, computer or other device to send unsolicited advertisements to a telephone facsimile machine, in violation of the TCPA, 47 U.S.C. § 227(b)(l)(C).

59. On information and belief, these unsolicited advertisements were transmitted *en masse* without the prior express invitation or permission of Plaintiff and Class One.

60. As a result of Defendants' unlawful conduct, Plaintiff and Class One suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such a

violation, or to receive at least $500.00 in damages for each such violation, whichever is greater, or both such actions.

## COUNT II
### Insufficient Opt-out Notices in Violation of the TCPA, 47 U.S.C. § 227(b)(2)(D)
### (On Behalf Of Class Two, In The Alterative To Count I)

61. Plaintiff incorporates by reference paragraphs 1-56 as if fully set forth herein.

62. Under the TCPA and its corresponding regulations, faxes sent with prior express invitation or permission or based on an established business relationship "must include an opt-out notice that complies with the requirements [of 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. § 64.1200(a)(4)(iii)]." 47 C.F.R. § 64.1200(a)(4)(iv).

63. In the alternative to Count I, Defendants' faxes violate the TCPA, even if sent with prior express invitation or permission or an established business relationship, because the faxes fail to satisfy all of the opt-out notice requirements under § 227(b)(2)(D) and 47 C.F.R. § 64.1200(a)(4)(iii). Namely, opt-out notices do not:

   a. appear clearly and conspicuously on the first page of the fax, as required by § 227 (b)(2)(D)(i);

   b. state that the sender's failure to comply with an opt-out request within the shortest time reasonable is unlawful, as required by § 227(b)(2)(D)(ii);

   c. set forth the elements of a valid opt-out request, as required by § 227(b)(2)(D)(iii);

   d. include a domestic telephone and fax number for the recipient to submit an opt-out request, as required by § 227(b)(2)(D)(iv)(I); and

   e. comply with the technical requirements of § 227(d), as required by § 227(b)(2)(D)(vi).

64. As a result of Defendants' unlawful conduct, Plaintiff and Class Two suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from

such violations, or to receive at least $500.00 in damages for each such violation, whichever is greater, or both such actions.

### COUNT III
### Conversion
### (On Behalf Of Class One Or, In The Alternative, Class Two)

65. Plaintiff incorporates by reference paragraphs 1-56 as if fully set forth herein.

66. By sending faxes to Plaintiff and the other Class members, Defendants converted to their own use Plaintiff's and the other Class One members' paper, ink or toner, and the their fax machines components.

67. When Plaintiff's and the other Class members' fax machines printed the faxes, their fax machine's components, ink or toner, and paper were used.

68. This loss of use constitutes an asset of economic value paid for by Plaintiff and the other Class members when they acquired their fax machines and its ink or toner.

69. Immediately prior to the sending of the faxes, Plaintiff and the Class members owned and had an unqualified and immediate right to the possession of the paper, ink or toner, and the components of the fax machines used to print the faxes.

70. By sending the faxes, Defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable.

71. Furthermore, Plaintiff's and the Class' fax machine components suffered wear and tear when they were appropriated by Defendants to print their faxes.

72. Such appropriation was wrongful and without authorization.

73. Defendants knew or should have known that such appropriation of the paper, ink or toner, and fax machine components was wrongful and without authorization.

74.     Plaintiff and the other Class members were deprived of the paper, ink or toner, loss of performance of their fax machine components.

75.     Accordingly, Plaintiff and the other Class members suffered damages as a result of receipt of the faxes.

## VII.     JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff Stephan Zouras LLP, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A.   Certifying the Class as defined above, appointing Plaintiff Stephan Zouras LLP as the representative of the Class, and appointing its counsel as Class Counsel;

B.   Awarding actual and statutory damages;

C.   Enjoining Defendants from sending unsolicited facsimile advertisements and facsimile advertisements with deficient opt-out notices;

D.   Awarding of reasonable attorneys' fees and costs; and

E.   Awarding such other and further relief that the Court deems reasonable and just.

-14-

Dated: September 8, 2015                    Respectfully submitted,

                                            By: *s/ Joseph J. Siprut*

                                            Joseph J. Siprut
                                            *jsiprut@siprut.com*
                                            Ismael T. Salam
                                            *isalam@siprut.com*
                                            **SIPRUT PC**
                                            17 North State Street
                                            Suite 1600
                                            Chicago, Illinois 60602
                                            Phone: 312.236.0000
                                            Fax: 312.241.1260

                                            *Counsel for Plaintiff*
                                            *and the Proposed Putative Class*

4848-2358-9671, v. 1